IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JULIET RENEE COTTON, | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | Civil Action No. 4:12-CV-517-Y |
| | § | |
| JOE KEFFER, WARDEN, | § | |
| FMC-CARSWELL, | § | |
| Respondent. | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the

provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for

the Northern District of Texas.  The Findings, Conclusions and Recommendation of the United

States Magistrate Judge are as follows:

## I. FINDINGS AND CONCLUSIONS

### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a federal prisoner pursuant to 28 U.S.C. §

2241.

### B. PARTIES

Petitioner Juliet Renee Cotton, Reg. No. 53034-019, is a federal prisoner who is currently

incarcerated in the Federal Medical Center-Carswell (FMC-Carswell) in Fort Worth, Texas.

The Respondent is Joe Keffer, Warden of FMC-Carswell in Fort Worth, Texas.

### C. PROCEDURAL HISTORY

By this petition, petitioner challenges a prison disciplinary proceeding conducted at FMC-

Carswell, and the resultant loss of 7 days good conduct time, loss of telephone, commissary and

visiting privileges, and 15 days disciplinary segregation. (Resp't App. at 24) Petitioner was charged

by incident report dated March 21, 2011, with the institutional offense of interfering with the taking

of count, a Code 321 violation. (*Id.* at 6)  In the report, the reporting officer, M. Kirchner, gave the

following written description of the alleged violation:

> On 3-21-2011 and during the 9:30 PM count Inmate Cotton #53034-019 was asleep
> in her bed (H03-113L) and failed to stand for count.  The count was interrupted in
> that I had to stop counting to wake the said inmate up.

(*Id.*)[1]

Petitioner received a copy of the incident report on the March 22, 2011.  (*Id.* at 2)  Thereafter,

she was advised of her rights in connection with the disciplinary proceeding on March 23, 2011, and

she appeared for a disciplinary hearing before a disciplinary hearing officer (DHO) on April 15,

2011.  (*Id.* at 2, 9-10, 12-13, 17, 19)   At the hearing, petitioner was represented by a staff

representative. (*Id.* at 15) She denied the charges and gave a statement summarized by the DHO

as follows:

> I even bought an alarm clock to keep me from staying asleep.  I have vertigo
> and I fainted.  They had given me height restrictions.  I have documentation to
> present to you were [sic] you can see that they keep changing my restrictions in
> BEMR.  They never look in my BEMR record to verify that I do have restrictions.
> I did request a medical waiver [from standing for the 9:00 p.m. count] because I have
> vertigo and I am on medications that also cause dizziness.  No, I do not have the
> waiver.  I was told I had a waiver but no one ever gave me a copy of the waiver.  I
> have the following restrictions:  no upper bunk, no ladder, no stairs, and a height
> restriction.

(*Id.* at 19)

---

[1]Petitioner has filed two additional federal habeas petitions challenging incident reports for
the same or similar conduct. *Cotton v. Keffer*, Civil Action Nos. 4:12-CV-236-Y & 4:12-CV-522-A.

Petitioner's staff representative also gave a statement summarized by the DHO as follows:

> I have reviewed the DHO packet. I did look into her BEMR & I did not see anywhere that said she couldn't stand for count. It is one thing to produce dizziness but it is another to interfere with daily living. I did not see a medical waiver or a note stating that in her BEMR. I have reviewed the incident report and met with her to discuss the incident report. She asked me to provide her documentary evidence prior to the hearing but I advised her she could present it at the hearing.

(*Id.*)

Petitioner requested six witnesses and provided documentary evidence during the hearing. (*Id.* at 20-21) The DHO allowed her to call a staff physician, Dr. Rios, who stated that he reviewed petitioner's medications, ibuprofen and stool softeners, and "there was no prescribed medication to indicate drowsiness, although all medications have side effects and each individual has different reactions" to them. He further stated he would not have reviewed a waiver to stand count as he is the prison gynecologist. (*Id.* at 20) The DHO did not allow her to call the remaining five witnesses. (*Id.*) After considering the evidence, the DHO concluded petitioner had violated the offense of failing to stand for count because her "conduct most closely supported a code 320 violation." (*Id.* at 3) A copy of the DHO's report was delivered to petitioner on May 18, 2011. (*Id.* at 25)

Petitioner appealed the DHO's decision, but the Regional Director denied relief, stating–

> You are appealing a Discipline Hearing Officer (DHO) action of 4/15/11, for Code 320, Failing to Stand Count.

> The record of this disciplinary action reflects you were advised of your rights and afforded the opportunity to exercise those rights in accordance with Program Statement 5270.08, <u>Inmate Discipline and Special Housing Units</u>. After thorough review of the incident report, the investigation, the evidence and related documentation, there appears to be sufficient evidence presented to support the DHO's decision.

> This incident involved the DHO finding you failed to stand count during the 9:30 pm count. Specifically, on 3/21/11, the reporting staff member observed you asleep in your bunk during the stand-up count. The DHO took your statement into account

3

when making the determination the greater weight of evidence supported you committed the prohibited act.

You contend you were denied witnesses and unable to submit evidence at your hearing. You allege staff misconduct claiming the DHO's Report is false. You cite many other concerns which must be submitted separately for an appropriate response. In Section V of the DHO report, the DHO documented the evidence relied upon to determine you committed the prohibited act. The sanctions imposed are within policy and commensurate with the finding you committed a prohibited act in the Moderate severity category. You provide no factual evidence to support your contention.

(Resp't App. at 49-50; Pet. Attach.)

At the national level, petitioner's appeal was also denied as follows:

You appeal the April 15, 2011, decision of the Discipline Hearing Officer (DHO) finding you committed the prohibited act of Failing to Staff Count, Code 320, incident report no. 2140318. Specifically, you contend your due process rights have been violated in that your staff representative failed to obtain a copy of the investigation of the incident report and failed to call the Physician Assistant and the Pharmacist as witnesses. You claim they would have testified the prescribed medication and your medical conditions caused your drowsiness and prevented you from staying awake at the 10:00 p.m. count. You request the incident report be expunged.

Our review reflects the Regional Director adequately addressed your concerns. You made no comments concerning the medications or their alleged side effects during the discipline hearing. Health Services staff indicated that although the side effects from the medication you are taking include dizziness, such are not severe enough to interfere with your participation in the stand-up count. As a result, you are required to stand up for the count. Your staff representative, as the Health Services Administrator, reviewed your medical information and did not see any reference to your inability to stand for count. Your staff representative distinguished between dizziness and being incapacitated to perform daily living activities and found no medical waiver or any other documentation to support your contention. We find the staff representative was qualified to review your medical records and there was no need to call the Physician Assistant and/or Pharmacist as witnesses.

The DHO found you committed the prohibited act and based his decision on the greater weight of the evidence. In addition, the sanctions imposed were within policy and commensurate with the finding that you committed the prohibited act.

(*Id.*)

## D.  ISSUES

In eleven grounds, petitioner claims (1) the DHO's guilty finding was based on insufficient and false evidence and fraud by prison staff; (2) the DHO told petitioner's staff representative that she had granted a continuance of the hearing, but, when petitioner told the DHO what her witnesses would testify to, the DHO denied the continuance; (3) the investigating officer failed to investigate and interview witnesses, including medical staff; (4) petitioner was denied her right to call witnesses; (5) the unit disciplinary committee (UDC) suppressed evidence and made false statements; (6) the investigating officer failed to investigate the incident report, fabricated her statement, and omitted in the statement that she told him she stood for count; (7) the UDC chairman perpetrated fraud on the DHO hearing by writing a false memorandum; (8) the UDC chairman and petitioner's staff representative conspired to perpetrate fraud by signing a false document; (9) petitioner's staff representative failed to get a copy of e-mails written by the reporting officer stating that petitioner stood for count; (10) the DHO perpetrated fraud and violated petitioner's right to due process in sanctioning her based on false evidence; and (11) the prison fails to ensure that the 9:30 p.m. count is timely done.  (Pet. at 5-6; Pet'r Mtn to Supp. at 1-4)

## E.  RULE 5 STATEMENT

Respondent claims petitioner has exhausted all available administrative remedies.  (Resp't Resp. at 3)

## F.  DISCUSSION

Petitioner claims her due process rights were violated during the disciplinary proceedings because prison staff failed to adequately investigate as required by Program Statement 1330.16(a),

suppressed evidence, and made false statements, she was prevented from calling witnesses and denied a continuance, and the evidence was insufficient to support the DHO's finding.

Where a prison disciplinary hearing may result in the loss of good time credits, constitutional due process requires only that the inmate receive (1) advance written notice of the disciplinary charges, (2) an opportunity to call witnesses and present documentary evidence, and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. *Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974); *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 454 (1985). "Some evidence" in support of the DHO's decision is all that is required. *Hill*, 472 U.S. at 455. A federal court need not examine the entire record, assess independently the credibility of witnesses, or weigh the evidence. *Id.* at 455. "[P]rison disciplinary proceedings will be overturned only where there is no evidence whatsoever to support the decision of the prison officials." *Reeves v. Pettcox*, 19 F.3d 1060, 1062 (5th Cir. 1994).

First, it is well settled that a failure by prison officials to follow their own regulations or policies does not amount to a constitutional violation. *Geiger v. Jowers,* 404 F.3d 371, 373-74 (5th Cir. 2005); *Jackson v. Cain,* 864 F.2d 1235, 1251-52 (5th Cir. 1989); *Arceneaux v. Young,* 369 Fed. Appx. 620, 2010 WL 935365, at *1 (5th Cir. Mar. 16, 2010). Nor does the DHO's alleged denial of a continuance implicate due process rights. *Cotton v. Chapman*, 342 Fed. Appx. 960, 2009 WL 2710079, at *1 (5th Cir. Aug. 27, 2009).

Second, the right to call witnesses is limited in that confrontation and cross-examination of witnesses is not constitutionally required. *Wolff*, 418 U.S. at 567-68. Prison officials may, at their discretion, limit the number of witnesses called without offering any explanation to the prisoner. *Id.* at 563-68. The pleadings and exhibits show that the DHO allowed petitioner to call Dr. Rios but

refused to allow petitioner to call five other witnesses after concluding their proposed testimony would be irrelevant to the proceeding or not credible. (Resp't App. at 2, 20) A prisoner is not entitled to introduce irrelevant matters at a disciplinary hearing. *Id.* at 566 (encouraging prison boards to state their reasons for refusing to admit evidence "whether it be for irrelevance, lack of necessity, or the hazards presented in individual cases"). The pleadings and exhibits show petitioner received timely notice of the disciplinary charges and her attendant rights, was provided assistance of a staff representative, participated in the hearing by giving a verbal statement and presenting documentary evidence, called Dr. Rios as a witness, and was provided with reasons for the DHO's finding of guilt. (*Id.* at 2-3, 9-10, 12-13, 15, 19-25)

Further, it cannot be said in petitioner's case that "there is no evidence whatsoever to support the decision of the prison officials" that would require overturning the disciplinary proceeding. The incident report is, standing alone, sufficient to constitute some evidence in support of the guilty determination. *Hill*, 472 U.S. at 454. Petitioner appears to argue that because she stood up after being awakened, she cannot have possibly failed to stand for count. This argument is disingenuous. The fact is is that petitioner did not stand for count until the reporting officer was forced to interrupt count and awaken her. Additionally, petitioner's allegations that prison staff processed false documentation, gave false testimony, and made false statements are not supported by the record. Conclusory allegations and bald assertions of misconduct by prison personnel are insufficient to support a petition for a writ of habeas corpus. *Miller v. Johnson,* 200 F.3d 274, 282 (5th Cir. 2000); *Koch v. Puckett,* 907 F.2d 524, 530 (5th Cir. 1990); *Ross v. Estelle,* 694 F.2d 1008, 1011 (5th Cir. 1983). Nevertheless, it was the role of the DHO to determine the weight and credibility of the

evidence. *Hudson v. Johnson*, 242 F.3d 534, 537 (5th Cir. 2001). In summary, the requirements of due process were satisfied in petitioner's disciplinary proceedings.

Petitioner also claims she received ineffective assistance of her staff representative, sometimes referred to as "counsel substitute." There is no constitutionally protected right to staff representation in a prison disciplinary proceedings. *Morgan v. Quarterman*, 570 F.3d 663, 668 (5th Cir. 2009). Consequently, there is no cognizable habeas corpus claim for deficient assistance of a staff representative. *Baxter v. Palmigiano*, 425 U.S. 308, 315 (1976).

Finally, petitioner claims she should not be required to stand for count. As noted by this court in her prior habeas proceeding, such a claim is properly raised in a civil rights action. *Cotton*, Civil Action No. 4:12-CV-236-Y.

## II. RECOMMENDATION

Based on the foregoing discussion, it is recommended that this petition for writ of habeas corpus be denied

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until November _26_, 2012. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection,

and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until November __26__, 2012, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November __2__, 2012.


JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE